**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EVELIA CAMPUZANO-BLANCO, | No. 10-73915 |
| Petitioner, | Agency No. A097-857-938 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 19, 2012[**]

Before:     GOODWIN, WALLACE, and FISHER, Circuit Judges.

Evelia Campuzano-Blanco, a native and citizen of Mexico, petitions pro se

for review of the Board of Immigration Appeals' ("BIA") order denying her

motion to reopen removal proceedings. Our jurisdiction is governed by 8 U.S.C.

§ 1252. We review for abuse of discretion the denial of a motion to reopen and

_____

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

review de novo questions of law. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Campuzano-Blanco's motion to reopen as untimely where the motion was filed over nine months after the BIA's order dismissing the underlying appeal, *see* 8 C.F.R. § 1003.2(c)(2) (motion to reopen generally must be filed within 90 days of the final order), and Campuzano-Blanco failed to present material evidence of changed circumstances in Mexico to qualify for the regulatory exception to the filing deadline, *see* 8 C.F.R. § 1003.2(c)(3)(ii); *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1151 (9th Cir. 2010) ("Asylum is not available to victims of indiscriminate violence, unless they are singled out on account of a protected ground.").

We lack jurisdiction to review the BIA's November 2, 2009, order dismissing Campuzano-Blanco's appeal from the immigration judge's decision denying cancellation of removal because this petition for review is not timely as to that order. *See Singh v. INS*, 315 F.3d 1186, 1188 (9th Cir. 2003).

We also lack jurisdiction to review the BIA's decision not to invoke its sua sponte authority to reopen proceedings under 8 C.F.R. § 1003.2(a). *See Mejia-Hernandez v. Holder*, 633 F.3d 818, 824 (9th Cir. 2011).

Finally, we reject Campuzano-Blanco's contention that her removal results in the deprivation of her children's due process rights. *See Cabrera-Alvarez v. Gonzales*, 423 F.3d 1006, 1012-13 (9th Cir. 2005).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**